UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT;
BRONX DISTRICT ATTORNEY'S OFFICE;
DINO DAVILA; ALL POLICE OFFICERS
FROM THE 46 PRECINCT INVOLVED
WITH ARREST #B18645572; CHIKEL IAN;
YURI CHORNOBIL,

                Defendants.

1:20-CV-9699 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff Aaron Singleton, who is currently held as a pretrial detainee in the Anna M. Kross Center on Rikers Island, brings this *pro se* action alleging that the defendants violated his federal and state constitutional rights. He sues the New York City Police Department, the Bronx County District Attorney's Office, several police officers, and a Bronx County Assistant District Attorney. He seeks damages, and asks this Court to enjoin any further prosecution of him and to dismiss the state-court indictment against him.[1]

    By order dated February 1, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] The Court construes Plaintiff's complaint

---

[1] Under Rule 5.2(a)(2) and (3) of the Federal Rules of Civil Procedure, court submissions that refer to a person's date of birth or to a minor child's name may do so only by mentioning the person's birth year or the minor child's initials. Plaintiff has attached to the complaint copies of documents that include the full dates of birth of other persons and the full names of minor children. In an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to the complaint to a "case-participant only" basis.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

as asserting claims under 42 U.S.C. § 1983 and for *habeas corpus* relief under 28 U.S.C. § 2241, as well as claims under state law.[3] For the reasons set forth below, the Court dismisses this action but grants Plaintiff leave to replead his claims of false arrest or excessive force under § 1983.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[3] On February 2, 2021, the court received a letter from Plaintiff that has attached to it copies of newspaper articles that the court's Pro Se Intake Unit had previously returned to Plaintiff because they were improperly submitted. (ECF 7.) In his letter, Plaintiff asks that these articles "be added to [his] file, caseload so they can verify [his] claims and arguments [sic]." The Court construes the letter and its attachments as a supplement to Plaintiff's complaint.

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint: On October 7, 2018, at his Bronx apartment, Plaintiff "was subjected to an illegal search and seizure." (ECF 2, at 4.) Members of the New York City Police Department's 46th Precinct participated in "police misconduct" and illegally arrested and confined him.[4] (*Id.*) "Body camera video from the mentioned occurrence . . . clearly show[s] police misconduct, false arrest and false imprisonment." (*Id.*) Defendant Yuri Chornobil, a Bronx County Assistant District Attorney, interrogated Plaintiff; the interrogation "was a self-incrimination tactic and a substantial due process violation." (*Id.*)

---

[4] Plaintiff has attached copies of documents that list Defendant Dino Davila as being the police officer who arrested Plaintiff, and Ian Chikei, a police sergeant, as one of Davila's supervisors. (ECF 2, at 7-8, 10, 12-17.)

Plaintiff asserts claims of "false imprisonment, def[a]mation of character, physical punishment[,] damaged family relationships, emotional damages, pain and suffering, false arrest, [and] assault and battery." (*Id.*) In addition to damages, he asks the Court "[t]o prohibit further prosecution of proceeding from this false arrest [sic]" and to "[d]ismiss[] [the] indictment [against him] with extreme prejudice." (*Id.*)

## DISCUSSION

Because Plaintiff alleges that the defendants violated his constitutional rights, and seems to challenge his current custody, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and for *habeas corpus* relief under 28 U.S.C. § 2241. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Under 28 U.S.C. § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States."

**A.     Bronx County District Attorney's Office**

The Court must dismiss Plaintiff's claims under § 1983 against the Bronx County District Attorney's Office under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves

4

to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decision to prosecute. *See, e.g., Garcia v. Westchester Cnty. District Attorney Office*, No. 21-CV-0348, 2021 WL 411546, at *2 (S.D.N.Y. Feb. 4, 2021). Courts have also held that such an office is a nonsuable entity. *See id.*

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And New York State has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff sues the Bronx County District Attorney's Office because of its decision to prosecute him. (*See* ECF 2, at 10-11, 18) (excerpts of documents apparently filed in Plaintiff's ongoing state-court criminal proceedings). The Court therefore dismisses Plaintiff's claims under § 1983 against the Bronx County District Attorney's Office under the doctrine of Eleventh Amendment immunity.

**B.     The New York City Police Department**

The Court must also dismiss Plaintiff's claims against the New York City Police Department ("NYPD") because, as an agency of the City of New York, the NYPD is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (the NYPD is not a suable entity); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is

5

generally prohibited from suing a municipal agency."). Accordingly, the Court dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes Plaintiff's complaint as asserting claims against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under § 1983 against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's federal constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts suggesting that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under § 1983 against the City of New York for failure to state a claim on which relief may be granted.

**C.**     ***Younger* abstention doctrine**

Any claims under § 1983 in which Plaintiff asks this Court to intervene in his ongoing state-court criminal proceedings are dismissed under the doctrine first articulated by the Supreme

Court of the United States in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger,* the Supreme Court held that a federal court may not enjoin pending state-court criminal proceedings in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff alleges nothing that suggests that bad faith, harassment, or irreparable injury have occurred with respect to his ongoing state-court criminal proceedings. Thus, this Court cannot intervene in those criminal proceedings, and it dismisses any of Plaintiff's claims under § 1983 in which he seeks such injunctive relief, under the *Younger* abstention doctrine.

**D.**     ***Habeas corpus*** **relief**

To the extent that Plaintiff is challenging the constitutionality of his custody as a state pretrial detainee, the Court liberally construes those claims for relief as ones for *habeas corpus* relief under § 2241. Under § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A convicted prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition brought under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18,

2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking *habeas corpus* relief under § 2241, however, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, New York State's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Because Plaintiff does not show that he exhausted any of his available state-court remedies before filing his complaint in this Court, the Court dismisses his claims for *habeas corpus* relief without prejudice.[5]

---

[5] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

### E.      Claims of false arrest and false imprisonment under § 1983

The Court looks to state law as a starting point to determine the elements of a claim of false arrest under § 1983.[6] *See Manuel v. City of Joliet*, *Ill.*, 137 S. Ct. 911, 921 (2017) ("Common-law principles are meant to guide rather than to control the definition of § 1983 claims, serving more as a source of inspired examples rather than of prefabricated components.") (internal quotation marks and citation omitted); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (with respect to claims of malicious prosecution under § 1983, common-law principles are meant simply to guide rather than to control the definition of such claims and courts should not "mechanically apply" the law of New York State); *cf. Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) ("The elements of false arrest . . . under § 1983 are substantially the same as the elements under New York law. Therefore, the analysis of the state and the federal claims is identical.") (internal quotation marks and citation omitted).

To state a claim of false arrest under New York law, a plaintiff must allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) *the confinement was not otherwise privileged.*" *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (internal quotation marks and citation omitted, alteration and emphasis in original). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false

---

[6] Plaintiff asserts claims of both false arrest and false imprisonment under § 1983. But "[f]alse arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)). For that reason, the Court will refer to both types of claims as false arrest.

arrest . . . ." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted))).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)), the arrest is privileged, and the plaintiff cannot state a claim of false arrest, *see Jenkins* 478 F.3d at 84. Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly*, 439 F.3d at 152 (internal quotation marks and citation omitted). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest") (internal quotation marks and citation omitted). Put another way, police officers may have probable cause to arrest if they act reasonably, even if they are mistaken. And "[c]ourts should look to the totality of the circumstances and must be aware that probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citation omitted).

"[A] report of a crime alone will not necessarily establish probable cause." *Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994). With respect to a law-enforcement officer's reliance on a third-party's report of criminal activity:

>information gleaned from informants can be sufficient to justify the existence of probable cause. . . . [A] law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity. . . . [But] information provided by an identified bystander with no apparent motive to falsify has a peculiar likelihood of accuracy. . . . [And] when a purported assault victim who [is] visibly injured t[ells] a police officer that [a person] ha[s] assaulted him, the officer ha[s] probable cause to arrest [that person], despite [that person's] conflicting account.

*Panetta*, 460 F.3d at 395-96 (internal quotation marks and citations omitted).

Plaintiff has attached copies of documents to his complaint that seem to show that police officers had probable cause to arrest him on October 7, 2018.[7] Those documents, which include an NYPD domestic-incident report and an "Omniform System – Complaint" arrest report, among others, state the following: Police responded to a third-party caller's report that Plaintiff had assaulted his domestic partner by punching her in the face and dragging her from their building's elevator into their apartment. An officer was able to speak to the victim, who stated that Plaintiff did assault her. The victim either told officers, or the officers were able to see, that the victim had "red marks on the left side of [her] face and [the] right side of [her] neck." Plaintiff initially refused to open the door of his apartment when the police arrived; officers could hear the victim in the apartment asking Plaintiff to calm down and Plaintiff yelling at the victim not to open the door. There were two children in the apartment. Eventually, officers were able to convince Plaintiff to open the apartment door; Plaintiff was holding a baby and yelling at the officers. The officers interviewed Plaintiff and the victim, and they asked Plaintiff to give them the baby.

---

[7] When considering whether a complaint has alleged sufficient facts to state a claim, a court may "consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *Woods and Bricks, LLC v. TD Dev., LLC*, No. 3:16-CV-0123, 2018 WL 6605623, at *2 (D. Conn. Dec. 17, 2018) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)) (internal quotation marks omitted); *Brown v. Nelson*, No. 05-CV-4498, 2008 WL 4104040, at *4 (S.D.N.Y. Aug. 29, 2008).

11

Plaintiff refused, but he eventually returned the baby to the apartment and then officers arrested him. (ECF 2, at 7-9, 12-15.)

Plaintiff also attaches a copy of a document that includes a statement he gave to Defendant Yuri Chornobil, a Bronx County Assistant District Attorney, following Plaintiff's arrest. According to the statement, police knocked on Plaintiff's apartment door in response to a neighbor's call to the police. Plaintiff then came out of his apartment with his baby. He "went in the hallway with [his] son so they wouldn't get aggressive or anything like that. Just to show them that the situation wasn't what they assumed it was. They just made [Plaintiff] pass [his] son to [the baby's mother] and arrested [Plaintiff]." (*Id.* at 18.) Plaintiff accused the neighbor who called the police of not liking him and his domestic partner, and of "always doing dumb shit." (*Id.*) Plaintiff admitted to having a verbal argument with his domestic partner but denied being "physical" with her, and stated that he did not know why she had bruises. (*Id.*)

Accordingly, because it appears that police officers and other officials had probable cause to arrest Plaintiff on October 7, 2018, and to subsequently detain him, the Court dismisses Plaintiff's claims of false arrest under § 1983 for failure to state a claim on which relief may be granted. But in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to show that the police officers and other individual defendants lacked probable cause when they arrested him on October 7, 2018, and subsequently detained him.[8]

---

[8] Plaintiff alleges that the police officers who arrested him participated in "police misconduct" and "assault and battery." (ECF 2, at 4-5.) But he alleges no facts showing how any of them engaged in such conduct. If Plaintiff wishes to assert claims under § 1983 that police officers engaged in excessive force when they arrested him, he must allege facts in his amended complaint that support those claims.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. This Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, for seeking monetary relief from a defendant that is immune from such relief, as well as under the doctrines of Eleventh Amendment immunity and *Younger* abstention. The Court also dismisses Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241 without prejudice. But the Court grants Plaintiff leave to file an amended complaint, within 30 days of the date of this order, in which he alleges facts sufficient to state a claim of false arrest or excessive force under § 1983.

If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's federal-law claims for the reasons stated in this order, and declining to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. SO ORDERED.

Dated:   February 17, 2021
        New York, New York

                                                 *Louis L. Stanton*
                                                Louis L. Stanton
                                                    U.S.D.J.