UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT;
NEW YORK CITY CORPORATION
COUNSEL; DINO DAVILA; ALL POLICE
OFFICERS FROM THE 46 PRECINCT
INVOLVED WITH ARREST #B18645572;
CHIKEL IAN; YURI CHORNOBIL; ALLISON
KLINE,

                Defendants.

1:20-CV-9699 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    By order dated February 17, 2021, the Court dismissed this action. The Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, for seeking monetary relief from a defendant that is immune from such relief, as well as under the doctrines of Eleventh Amendment immunity and *Younger* abstention. The Court also dismissed Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241 without prejudice. But the Court granted Plaintiff 30 days' leave to file an amended complaint in which he alleges facts sufficient to state a claim of false arrest or excessive force under § 1983.

    On March 12, 2021, the Court received an amended complaint from Plaintiff, who appears *pro se*, proceeds *in forma pauperis* ("IFP"), and is presently held in the North Infirmary Command on Rikers Island.[1] In his amended complaint, Plaintiff sues: (1) the New York City Police Department ("NYPD"), (2) the New York City Corporation Counsel ("Corporation

---

[1] Plaintiff filed his original and amended complaints while held in the Anna M. Kross Center, also on Rikers Island.

Counsel"), (3) Police Officer Dino Davila, (4) "All Police Officers from the 46 Precinct involved with arrest #B18645572," (5) Police Sergeant Chikel Ian, (6) Bronx County Assistant District Attorney Yuri Chornobil, and (7) Bronx County Assistant District Attorney Allison Kline. He alleges that the defendants violated his federal and state constitutional rights, and he seeks damages as well as *habeas corpus* relief.

The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 and state law, as well as claims for *habeas corpus* relief under 28 U.S.C. § 2241. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

2

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

### A. The February 17, 2021 order

In its February 17, 2021 order, the Court dismissed the following claims: (1) claims against the Bronx County District Attorney's Office under the doctrine of Eleventh Amendment immunity; (2) claims against the NYPD for failure to state a claim on which relief may be granted, because the NYPD is an nonsuable entity;[2] (3) claims under § 1983 in which Plaintiff asked this Court to intervene in Plaintiff's ongoing state-court criminal proceedings, under doctrine of *Younger* abstention; and (4) claims in which Plaintiff challenged the constitutionality

---

[2] The Court also construed Plaintiff's claims against the NYPD as brought against the City of New York, and dismissed Plaintiff's claims under 42 U.S.C. § 1983 against the City of New York for failure to state a claim on which relief may be granted.

of his state pretrial custody – the Court construed those claims as ones for *habeas corpus* relief under 28 U.S.C. § 2241 and dismissed them without prejudice. (ECF 8, at 4-8.)

The Court also dismissed Plaintiff's claims of false arrest and false imprisonment under § 1983 that arose from Plaintiff's October 7, 2018 arrest and subsequent detention. The Court held, after examining documents attached to Plaintiff's original complaint, that Plaintiff had failed to state either of those claims "because it appear[ed] that police officers and other officials had probable cause to arrest Plaintiff on October 7, 2018, and to subsequently detain him. . . ." (*Id.* at 12.) But the Court granted Plaintiff "leave to file an amended complaint in which he alleges facts sufficient to show that the police officers and other individual defendants lacked probable cause when they arrested him . . . and subsequently detained hm." (*Id.*) (footnote omitted). The Court also granted Plaintiff leave to file an amended complaint to allege facts sufficient to state a claim under § 1983 that the police officers who arrested him used excessive force on him. (*Id.* at 12 n.8.)

**B.      Plaintiff's amended complaint**

In his amended complaint, Plaintiff again asserts claims arising from his October 7, 2018 arrest and his subsequent detention. He alleges that members of the NYPD's 46th Precinct, including Police Officer Dino Davila, arrested him without probable cause and without a warrant. He also alleges that the officers who arrested him used excessive force on him. He further alleges that Assistant District Attorney Yuri Chornobil interrogated him while he was detained, after he had been arrested. In addition, he alleges that Assistant District Attorney Allison Kline is prosecuting the associated state criminal action against him, and is "withholding exculpatory evidence [as well as] pursuing . . . the [criminal] case despite vast discrepancies." (ECF 9, at 6.)

In addition to damages, Plaintiff seeks *habeas corpus* relief. He states that he has "exhausted [his] available state court remedies and received 'unconstitutional bias[ed] and prejudice[d] judicial decisions.'" (*Id.*)

## DISCUSSION

**A.     Assistant District Attorney Kline**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 for damages against Assistant District Attorney Kline under the doctrine of prosecutorial immunity. Prosecutors, like Kline, are immune from civil suit for damages for actions committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citations omitted). This includes "acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution, or to defend a conviction." *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims under § 1983 against Kline arise from Kline's prosecution of Plaintiff. The Court therefore dismisses Plaintiff's claims under § 1983 for damages against Kline under the doctrine of prosecutorial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii);

*Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).[3]

**B.      Corporation Counsel and Police Sergeant Chikel Ian**

To state a claim against an individual defendant under § 1983, a plaintiff must allege facts showing the individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

In his amended complaint, Plaintiff alleges nothing about the Corporation Counsel and Sergeant Ian. The Court therefore dismisses Plaintiff claims under § 1983 against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] To the extent that Plaintiff alleges that Assistant District Attorney Yuri Chornobil interrogated him to determine whether or not he should be prosecuted, the Court also dismisses Plaintiff's claims under § 1983 for damages against Chornobil under the doctrine of prosecutorial immunity and as frivolous. *Giraldo*, 694 F.3d at 166 (With respect to claims against prosecutors, "evaluating evidence and interviewing witnesses . . . fall[] on the absolute immunity side of the line." (quoting *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998))) (internal quotation marks omitted); *see* § 1915(e)(2)(B)(i), (iii); *Collazo*, 656 F.3d at 134.

## C. NYPD

Despite this Court's previous dismissal of Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted – because that agency is a nonsuable entity (*see* ECF 8, at 5-6) – Plaintiff has again named the NYPD as a defendant in his amended complaint. For the reasons discussed in the Court's February 17, 2021 order, the Court again dismisses Plaintiff's claims against the NYPD, a nonsuable entity, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court also construes Plaintiff's amended complaint as asserting claims under § 1983 against the City of New York, and dismisses them for failure to state a claim on which relief may be granted for the same reason that the Court dismissed those claims in its February 17, 2021 order. *See id.*

## D. *Younger* abstention

Plaintiff has failed to allege any facts in his amended complaint that suggest that bad faith, harassment, or irreparable injury have occurred with respect to his ongoing state-court criminal proceedings. Accordingly, for the same reason articulated in the Court's February 17, 2021 order –the *Younger* abstention doctrine – the Court dismisses any claims Plaintiff asserts in his amended complaint in which he seeks injunctive relief that would cause this Court to intervene in his ongoing state-court criminal proceedings.

## E. *Habeas corpus* relief

The Court previously construed Plaintiff's claims in which he challenged the constitutionality of his pretrial custody as claims for *habeas corpus* relief under 28 U.S.C.§ 2241, and dismissed those claims without prejudice because of Plaintiff's failure to show that he exhausted his available state-court remedies. (*Id.*at 7-8.) In his amended complaint, Plaintiff

again asserts claims for *habeas corpus* relief in which he challenges the constitutionality of his pretrial custody. The Court again construes those claims as brought under § 2241.

Plaintiff alleges in his amended complaint that he has exhausted his available state-court remedies. (*Id.* at 6.) But he has alleged no facts showing that he has done so; he merely states that he has done so.[4] Because Plaintiff has again failed to show that he has exhausted his available state-court remedies, the Court dismisses his claims for *habeas corpus* relief under § 2241 without prejudice.[5]

**F.      Claims of false arrest, false imprisonment, and excessive force under § 1983**

In its February 17, 2021 order, the Court granted Plaintiff leave to file an amended complaint in which he alleges sufficient facts to show that police officers and other individual defendants lacked probable cause to arrest him on October 7, 2018, and to subsequently detain him. (ECF 8, at 12.) The Court also granted Plaintiff leave to amend his complaint to allege facts showing that police officers used excessive force on him when they arrested him. (*Id.* at 12 n.8.)

In his amended complaint, Plaintiff states that police officers and others lacked probable cause when they arrested him on October 7, 2018, and subsequently detained him. He also states the police officers used excessive force on him when they arrested him. But that is all that he alleges with regard to his claims of false arrest, false imprisonment, and excessive force under

---

[4] In its February 17, 2021 order, the Court noted that "[i]n the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, New York State's highest court." (ECF 8, at 8.) Plaintiff has alleged no facts in his amended complaint showing that he has sought *habeas corpus* relief in the state courts and exhausted his available state-court remedies by appealing all the way up to the New York Court of Appeals before pursuing his claims for *habeas corpus* relief here.

[5] For the same reason stated in the Court's February 17, 2021 order, the dismissal of Plaintiff's claims for *habeas corpus* relief without prejudice does not trigger the Antiterrorism and Effective Death Penalty Act's restrictions on second or successive petitions. (*See* ECF 8, at 8 n.5 (citing *Slack v. McDaniel*, 529 U.S. 473, 489 (2000))).

§ 1983; he alleges no facts in support of those claims. Accordingly, the Court dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 555 ("While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal quotation marks, citations, and footnote omitted, alteration in original)).

### G. Claims under state law

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . . " *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law as frivolous, for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants that are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii), as well as under the *Younger* abstention doctrine. To the extent that Plaintiff asserts claims for *habeas corpus* relief under 28 U.S.C. § 2241, the Court dismisses those claims without prejudice. The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated: July 1, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.