UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                    Plaintiff,

              -against-

NEW YORK CITY POLICE DEPARTMENT, et al.,

                    Defendants.

1:20-CV-9699 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order and judgment dated and entered on July 1, 2021, the Court dismissed this *pro se* action. On July 14, 2021, the court received a notice of appeal from Plaintiff, who is currently held in the Vernon C. Bain Center, in the Bronx, New York. Plaintiff's appeal is pending in the United States Court of Appeals for the Second Circuit. *Singleton v. New York City Police Dep't*, No. 21-1735 (2d Cir.).

On November 12, 2021, the Court received a letter from Plaintiff in which he asks the Court for reconsideration of the Court's July 1, 2021 dismissal of this action. (ECF 17.) The Court liberally construes Plaintiff's letter as a motion to alter or amend a judgment brought under Rule 59(e) of the Federal Rules of Civil Procedure and for reconsideration under Local Civil Rule 6.3, and, in the alternative, a motion for relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*pro se* submissions are to be liberally construed); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The special solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of

him") (citations omitted). After reviewing the arguments in Plaintiff's letter, the Court denies his request for relief.

## DISCUSSION

### A.      Effect of a pending appeal

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A district court may, however, deny a postjudgment motion while an appeal is pending. *See Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to *deny* the motion [brought under Rule 59(a) and Rule 60(b)] during the pendency of an appeal.") (emphasis in original); *Toliver v. Cnty of Sullivan*, 957 F.2d 47, 4 (2d Cir. 1992) (same, discussion in the context of a Rule 60(b) motion).

### B.      Motion for relief under Rule 59(e) and Local Civil Rule 6.3

A motion for relief under Rule 59(e) and Local Civil Rule 6.3 must be brought within 28 days of the date of the entry of the judgment being challenged. Fed. R. Civ. P. 59(e); *see* Local Civil Rule 6.3.

Plaintiff is currently held in a New York City jail. His letter is not dated and does not state when he placed it into his jail's mail system for its delivery to the court, but the envelope that contained the letter is postmarked November 8, 2021. The Court therefore deems Plaintiff's letter as having been filed on that date. *Delgado v. Griffin*, No. 16-CV-1313, 2020 WL 5752119, at *9 n.6 (S.D.N.Y. June 15, 2020) (when a *pro se* submission filed by a prisoner lacked a date or a statement of when it was mailed, the court deemed the submission filed as of the postmark date), *report & recommendation adopted*, 2020 WL 5751600 (S.D.N.Y. Sept. 25, 2020); *see, e.g.*, *Griffith v. Troy*, No. 9:19-CV-0354, 2021 WL 4437584, at *4 (N.D.N.Y. Sept. 28, 2021) (same,

collecting cases).

Under Rule 59(e) and Local Civil Rule 6.3, Plaintiff had until July 29, 2021 – 28 days after the judgment dismissing this action was entered on July 1, 2021 – to file a motion for relief. As Plaintiff's letter was filed on November 8, 2021, it is untimely, and the Court therefore denies Plaintiff's request for relief under Rule 59(e) and Local Civil Rule 6.3.

## C.   Motion for relief under Rule 60(b).

To the extent that Plaintiff seeks relief under Rule 60(b), Plaintiff's letter is timely because it was filed within a reasonable time and within one year after the July 1, 2021 judgment was entered. *See* Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motion must be filed within a reasonable time and, for relief under Rule 60(b)(1)-(3), within one year of the entry date of the challenged judgment or order). Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his letter, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) applies. The Court therefore denies Plaintiff's request for relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), his request for relief is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitations period applicable to claims under Rule 60(b)(1) through (3) by invoking the residual clause of Rule 60(b)(6). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court construes Plaintiff's letter (ECF 17) as a motion for relief under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and, in the alternative, a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies Plaintiff's motion.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 19, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.