UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON SINGLETON,<br><br>       Plaintiff,<br><br>-against-<br><br>NEW YORK CITY POLICE DEPARTMENT, et al.,<br><br>       Defendants. | 1:20-CV-9699 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

  By order and judgment dated and entered on July 1, 2021, the Court dismissed this *pro se* action. On July 14, 2021, the court received a notice of appeal from Plaintiff, who is currently held in the Vernon C. Bain Center, in the Bronx, New York. Plaintiff's appeal is pending in the United States Court of Appeals for the Second Circuit. *Singleton v. New York City Police Dep't*, No. 21-1735 (2d Cir.).

  On November 12, 2021, the Court received a letter from Plaintiff in which he asked the Court for reconsideration of the Court's July 1, 2021 dismissal of this action. The Court liberally construed Plaintiff's letter as a motion to alter or amend a judgment brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and for reconsideration under Local Civil Rule 6.3, and, in the alternative, a motion for relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). By order dated November 19, 2021, the Court denied that motion.

  On December 1, 2021, the court received another letter from Plaintiff, which he describes as a response to the Court's November 19, 2021 order, and in which he seeks reconsideration of the dismissal of this action as well as relief under Rule 60(b). (ECF 19.) The Court construes this letter as another motion to alter or amend a judgment brought under Rule 59(e) and for

reconsideration under Local Civil Rule 6.3, and, in the alternative, a motion for relief from a judgment or order brought under Rule 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*pro se* submissions are to be liberally construed); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The special solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's most recent letter, for the same reasons discussed in the Court's November 19, 2021 order, the Court denies the present motion.

## CONCLUSION

The Court construes Plaintiff's most recent letter (ECF 19) as a motion for relief under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and, in the alternative, a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies Plaintiff's motion.

This action is closed. If Plaintiff wishes to assert any additional claims, including any arising from his conditions of confinement, he must assert them in a new civil action. With respect to this action, this court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents in this action that are frivolous or meritless, the Court may direct Plaintiff to show cause why the Court should not bar Plaintiff filing future documents in this action.

      The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 13, 2021
           New York, New York

                                                                  *Louis L. Stanton*
                                                                    Louis L. Stanton
                                                                        U.S.D.J.