UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

AARON SINGLETON,

                        Plaintiff,                   20 Civ. 9699 (LLS)

     - against -                            CERTIFICATE OF APPEAL

NEW YORK CITY POLICE DEPARTMENT;
BRONX DISTRICT ATTORNEY'S OFFICE;
DINO DAVILA; ALL POLICE OFFICERS
FROM THE 46 PRECINCT INVOLVED
WITH ARREST # B18645572; CHIKEL IAN;
YURI CHORNOBIL,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The amended (March 12, 2021) complaint claims false arrest, as follows:

> "I was subjected to An Illegal Search and Seizure, False arrest,
> and False Imprisonment in violation of my Fourth (4th)
> Amendment of the Federal Constitution as well as my
> New York State (Article 1 Section 12) constitutional rights.
> On 10/7/2018 at approximately 4:40 AM Police Officers
> from the 46 Precinct of the Bronx clearly demonstrated
> egregious misconduct by Preforming An Illegal And
> unconstitutional search and seizure, Against the Plantiff
> and petitioner. Exciting [sic] an Excessive use of Force and
> violence, unlawful entry. The Apartment was Ambushed by
> Bully Tactics, Preditorial Police Brutality The Misuse of An
> Authorized Assigned Badge . . . There was no probable
> cause to substantiate the Arrest (intimidating Physical use
> of Force Frightening My child and My wife with A
> astranomical [sic] Measuring Act of Hostility and Kidnapping)
> with no Fugitive warrant, no Bench warrant, no sealed
> outstanding warrant. No presiding Judge's order to Apprehend
> me by any means. Police Officers even received information
> from the Putative Victim Advocating nothing happening
> (reference Body camera footage enclosed). However I was still
> Apprehended which then made Arrest # B18645572 A False

> Arrest (unlawful restraint on my freedom) at the hands of,
> "New York City Police Department" (46 Precinct)."

Despite recognition of its obligation to construe *pro se* pleadings liberally, *Harris v.*

*Mills*, 572 F.3d 66,72 (2d Cir. 2009, and interpret them to raise the "strongest [claims] that they

suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the District

Court dismissed this claim (July 1, 2021 Order, pp. 8-9) as follows:

> In his amended complaint, Plaintiff states that police officers
> and others lacked probable cause when they arrested him on
> October 7, 2018, and subsequently detained him. He also states
> the police officers used excessive force on him when they
> arrested him. But that is all that he alleges with regard to his
> claims of false arrest, false imprisonment, and excessive force
> under § 1983; he alleges no facts in support of those claims.
> Accordingly, the Court dismisses those claims for failure to
> state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The District Court's function under Habeas Corpus Rule 4 was simply to screen out cases

where "it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the District Court." Id. In this case the District Court disregarded the facts

alleged (no warrant or judicial order for arrest; "putative victim" said nothing happened), and

dismissed the complaint, although it probably sufficed as a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8.

Unlawful arrest infringes a constitutional right, the District Court denied plaintiff the

opportunity for a hearing, and this certificate of appeal is granted.

So ordered.

Dated: New York, New York
February 8, 2022

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

2